# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ROBERT O'NEAL,

      Petitioner,

vs.                                       **Case No. 4:12cv391-RH/CAS**

KENNETH S. TUCKER,

      Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Robert O'Neal, proceeding pro se, filed a 28 U.S.C. § 2254 petition on August 1, 2012. Doc. 1. The filing fee was paid. Doc. 5. Petitioner has also filed a motion for a stay and abeyance of this proceeding, Doc. 2, as well as a letter of inquiry, Doc. 6.

Petitioner challenges the judgment of the Second Judicial Circuit, Leon County, imposed on July 22, 2010. Doc. 1 at 1. He indicates that he took a direct appeal to the First District Court of Appeal (DCA) and that court per curiam affirmed his case, number 1D10-4665, on August 16, 2011. *Id.* at 2; *see* O'Neal v. State, 88 So. 3d 155 (Fla. 1st DCA 2011) (table). Petitioner indicates he subsequently filed a motion for modification of his sentence in state court, pursuant to Florida Rule of Criminal Procedure 3.800(c),

which was denied and no appeal was taken. Doc. 1 at 2. Petitioner further indicates that he has filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court and that motion is currently pending review. *Id.* at 2-3. Petitioner states that seven of the eight claims he raises in his § 2254 petition are raised in his Rule 3.850 motion, and the remaining claim was raised in his direct appeal. *Id.* at 3.

## Failure to Exhaust Federal Claims in State Court

A § 2254 petition may not be granted unless the applicant has exhausted his federal claims in state court, unless there is an absence of available state remedies or circumstances render the process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). A petitioner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c); *see* O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court," citing §§ 2254(b)(1) and (c)). To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. "Boerckel applies to the state collateral review process as well as the direct appeal process." Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004); *see* Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

From the information Petitioner has provided, as well as a review of the Leon County Circuit Court docket for 2008-CF-1820, Petitioner's Rule 3.850 postconviction motion remains pending in the state postconviction trial court. If that motion is denied,

Petitioner will need to pursue state appellate court review, to exhaust his claims. *See* Boerckel, 526 U.S. at 845; Pruitt, 348 F.3d at 1359. *See also, e.g.,* Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial.").

Therefore, the § 2254 petition should be summarily dismissed without prejudice at this time. If Petitioner ultimately exhausts his claims in state court and wishes to pursue federal habeas corpus relief, he is advised that there is a one-year time limit for filing a § 2254 petition. The one year generally runs from the date on which the conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review," and is tolled for the time during which a "properly filed" application for relief, such as a Rule 3.850 motion, is pending in state court. 28 U.S.C. §§ 2244(d)(1)(A), (2).

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

Case No. 4:12cv391-RH/CAS

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Accordingly, it is respectfully **RECOMMENDED** that the § 2254 petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust federal claims in state court, and the motion for stay (Doc. 2) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2012.


 S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**